### John A. Bingham v. Elizabeth Spruill.

1. PRACTICE—*When a Non-suit May be Taken.*—Under the statute the court has the discretionary power to allow a plaintiff to dismiss his suit without the consent of the defendant, even when a plea or notice of set-off has been duly interposed.

Assumpsit.—Trial in the County Court of Fayette County; the Hon. GEORGE T. TURNER, Judge, presiding. Non-suit; appeal by defendant. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

HENRY & HOUSTON, attorneys for appellants.

BROWN & ALBERT, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit in the County Court of Fayette County, by appellee against appellant.

To the declaration appellant filed the general issue, and the following stipulation was entered into between the parties:

Bingham v. Spruill.

"It is agreed that under the general issue pleaded in this cause by the defendant, that any and all things that could be specially pleaded by the defendant, or replied by the plaintiff, shall be regarded as so pleaded and evidence heard as if pleaded."

Trial of the cause was entered upon, and appellee called appellant as a witness, examined him and required him to produce his books, receipts and bank checks. Upon the conclusion of his testimony, appellee rested her case and appellant declined to produce evidence, and rested his case.

At this stage in the proceedings appellee entered her motion for leave to take non-suit. Appellant objected to the motion and refused to consent to the non-suit or dismissal of the case, and entered his motion for leave to file a plea of set-off. The court denied appellant's motion for leave to file a plea of set-off and allowed appellee's motion for non-suit and dismissed the case at her costs. Appellant duly excepted.

Appellant contends that the court erred in dismissing appellee's suit on her motion without the consent of appellant.

In support of this contention, counsel for appellant urge that under the stipulation the state of the record must be held to be the same as if the plea of set-off had been duly filed, and that the court erred in refusing their motion for leave to file such plea after the entering of appellee's motion for non-suit.

Paragraph 31, Chap. 110, Starr & Curtis Statutes, 2d Ed., provides:

"When such plea or notice of set-off shall have been interposed, the plaintiff shall not be permitted to dismiss his suit without the consent of the defendant, or leave of the court."

We are of opinion the court did not err in denying appellant's motion for leave to file plea of set-off, made after the entering of appellee's motion for leave to dismiss.

There was no plea of set-off filed before appellee's motion to dismiss was entered, and the statute relied on by appellent can have no application to this case unless it can be

220     Appellate Courts of Illinois.

Vol. 84.] Grand Lodge Brotherhood of R. R. Trainmen v. Randolph.

held, as counsel for appellee contend, that under the stipulation such plea must be deemed to have been filed. As we view the case, it is not of great importance whether the stipulation shall receive that construction or the construction contended for by appellee, for under the statute the court has the discretionary power to allow a plaintiff to dismiss his suit without the consent of the defendant, even when the plea or notice of set-off has been duly interposed. An appellate court will not review the action of a trial court in its exercise of discretionary power unless it clearly appears that such power has been abused. A full and careful examination of the record in this case fails to disclose to our minds any evidence of such abuse.

We are of opinion that none of the errors urged by appellant are well assigned.

The judgment of the County Court is affirmed.